UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION-CLEVELAND

| | |
|---|---|
| Michael Pollak<br><br>          Plaintiff,<br><br><br> -v.-<br><br>American Express Company<br><br>          Defendant. | **DEMAND FOR JURY TRIAL**<br><br>C.A. No.: |

## COMPLAINT

Plaintiff Michael Pollak ("Plaintiff") by and through his attorneys, and as and for his Complaint against Defendant American Express Company ("Amex") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et.seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

### PARTIES

2. Plaintiff is a resident of the State of Ohio, County of Cuyahoga, residing at 3673 Shannon Road, Cleveland, OH, 44118.

3. Defendant Amex Bank (USA), N.A. is New York corporation that can be served c/o CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH, 43219.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

7. Sometime prior to February 2019, a consumer obligation was allegedly incurred with Amex.

8. On information and belief, on a date better known to Defendant Amex, Defendant Amex began calling Plaintiff's cellular telephone, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

9. Defendant Amex placed calls to Plaintiff's cell phone in the manner described previously.

10. On or around February, 2019 Plaintiff told Defendant Amex not to contact him on his cellphone and revoked any consent the Defendant Amex may have previously had to call the Plaintiff in this manner.

11. Once Defendant Amex was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

12. Defendant Amex ignored Plaintiff's prior revocation and continued to call his cellular telephone number on a consistent basis.

13. Additionally, Amex retained debt collectors to call as their agents despite the Plaintiff's prior revocation.

14. Finally, Amex called the Plaintiff's mother and disclosed the debt.

15. These calls from Defendant Amex to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

16. As a result of Defendants unfair practices, Plaintiff has been damaged.

## **FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**)

17. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

18. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

19. Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

20. Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

21. Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## DEMAND FOR TRIAL BY JURY

22. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Pollak demands judgment from Defendant American Express Company as follows:

a) For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

b) For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

c) For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

d) A declaration that the Defendant's practices violated the TCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: December 18, 2019                                         Respectfully Submitted,

/s/ Amichai Zukowsky
Amichai E. Zukowsky
*Attorney for Plaintiff*
Amichai E. Zukowsky, Esq.
Zukowsky Law, LLC
23811 Chagrin Blvd, Suite 160
Beachwood, OH 44122
Phone: 216.800.5529
Email: ami@zukowskylaw.com